UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| THOMAS P. KEITH,<br><br>    Plaintiff,<br><br>v.<br><br>CREDENCE RESOURCE MANAGEMENT, LLC,<br><br>    Defendant. | Case No. 2:21-cv-00013 |

## COMPLAINT

**NOW COMES** KEITH P. THOMAS, through his undersigned counsel, complaining of CREDENCE RESOURCE MANAGEMENT, LLC, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. THOMAS P. KEITH ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Amarillo, Texas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. §392.001(1).

1

7. CREDENCE RESOURCE MANAGEMENT, LLC ("Defendant") maintains its principal place of business at 4222 Trinity Mills Road, Dallas, Texas 75287.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

9. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

10. In or around January 2021, Plaintiff started receiving collection calls from Defendant.

11. On multiple occasions, Plaintiff has answered Defendant's collection calls.

12. During the phone calls that Plaintiff has answered, Defendant asks for Plaintiff by name and then will not explain why Defendant is calling.

13. When Plaintiff has asked Defendant why he is receiving phone calls, Defendant states it is attempting number verification and nothing else.

14. After conducting independent research on Defendant, Plaintiff determined that Defendant was a debt collection company and their actions were typical of a collector attempting to collect a debt.

15. Upon information and belief, the subject debt that Defendant was attempting to collect was a consumer debt as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, and household purposes.

15. On occasion, Plaintiff has even called in to Defendant and asked why he is receiving phone calls from Defendant, to which Defendant replies it is attempting number verification.

2

16. On multiple occasions, Plaintiff has requested that Defendant stop calling if Defendant will not inform Plaintiff why it is calling, and then Defendant hangs up on Plaintiff.

17. Even after this request that Defendant stop placing calls to Plaintiff, Plaintiff is still receiving phone calls from Defendant.

18. Despite Plaintiff's request that the collection calls cease, Defendant continued its harassing calls, including but not limited to, calls from the phone number (806) 451-4389.

## DAMAGES

19. Defendant's deliberate misleading representations (not providing complete information regarding the nature of their collection calls) were material because it impacted Plaintiff's decision making process regarding his personal finances.

20. The conundrum created by the language used Defendant's representative caused Plaintiff significant emotional distress and anxiety due to Defendant's true intentions.

21. Concerned with Defendant's abusive collection efforts, Plaintiff was forced to retain counsel to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

22. All previous paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

**a. Violations of FDCPA § 1692c**

23. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

3

24. As set forth above, Plaintiff requested that Defendant cease its collection calls and calls generally to his cellular phone.

25. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

26. Defendant violated § 1692c(a)(1) by placing numerous phone calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

27. In other words, since Plaintiff did not want *any* calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

### b. Violations of FDCPA § 1692d

28. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

29. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

30. Defendant violated §§ 1692d and d(5) by placing numerous phone calls to Plaintiff's cellular phone number after being requested to cease the unwanted calls.

31. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

32. Defendant's conduct in refusing to advise Plaintiff why Defendant was calling is inherently harassing and abusive.

33. Defendant's calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on his cellular telephone.

34. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II:**
**Violations of the Texas Debt Collection Act (Tex. Fin Code Ann. § 392 *et seq*.)**

35. All previous paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

36. Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

37. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's requests that the collection calls cease.

38. Defendant's repeated phone calls were made with the intent to harass Plaintiff.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.302(4);

b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. Awarding any other relief as this Honorable Court deems just and appropriate

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: January 25, 2021

Respectfully submitted,

**THOMAS P. KEITH**

By: /s/ *Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com